# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARIO GONZALEZ-ALVIRA,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

**Civil No. 17-1859 (ADC)**
**[Related to Crim. No. 94-093-1 (ADC)]**

## OPINION AND ORDER

On June 23, 2017, Mario González-Alvira, through the Federal Public Defender, filed a petition to vacate or correct sentence under 28 U.S.C. § 2255, in relation to Criminal Case No. 94-093, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). **ECF Nos. 1, 4**. Petitioner also simultaneously requested that this Court stay the habeas proceeding, pending authorization from the First Circuit Court of Appeals to pursue this second/successive habeas petition.[1] **ECF No. 1.** *See* 28 U.S.C. § 2255(h).

"A second or successive motion" under section 2255 must first "be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Thus, "a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals" because, "[f]rom the district court's perspective, these pre-

---

[1] Petitioner filed the petition in this Court prior to authorization from the First Circuit Court of Appeals to "protectively" ensure his claims under *Johnson* were preserved as timely. *See* 28 U.S.C. 2255(f); **Misc. No. 16-196**.

clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999) (citations and internal quotation marks omitted). However, if transferring the petition to the Court of Appeals amounts to "an exercise in futility," because, i.e., it is "not premised on either newly discovered evidence or a new rule of constitutional law," the district court should dismiss the petition. *Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008).

Petitioner was sentenced on September 7, 1994, to 360 months for a carjacking resulting in death, in violation of 18 U.S.C. § 2119(3), and sixty months for using a firearm in furtherance of a "crime of violence" under of 18 U.S.C. § 924(c)(1)(iii), to be served consecutively, for a total term of 420 months imprisonment. **Crim. No. 94-093, ECF Nos. 24, 53-1** at 1–3. Under section 924(c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is carjacking—include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause." The other definition is premised on a case-by-case analysis of whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

Petitioner asserts that there is no statutory basis for his conviction for the weapons charge because *Johnson* and *Dimaya* necessarily invalidated the residual clause. **ECF Nos. 1, 4.** *Johnson*

invalidated a similarly-worded statutory provision under the Armed Career Criminal Act ("ACCA"), and *Dimaya* invalidated a similar provision under the Immigration and Nationality Act ("INA"). *Id*. at 1211–15. **ECF No. 4**.

Here, petitioner is not challenging a sentence he received under either the ACCA or INA, rendering *Johnson* and *Dimaya*'s constitutional rulings inapplicable in this case. *See* 28 U.S.C. § 2255(h). Moreover, the First Circuit Court of Appeals recently rejected the challenges now raised by petitioner. In *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018), the Court of Appeals held that the residual clause is not void for vagueness and its applicability must be assessed on a case-by-case basis. 907 F.3d at 4. And in *United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018), the Court held that carjacking constitutes a crime of violence under the force clause. 904 F.3d at 66. Petitioner was convicted of a carjacking resulting in death that involved the use of a firearm. Under either definition of "crime of violence," his sentence and conviction under section 924(c) remain valid.

Accordingly, rather than transfer a meritless habeas petition to the First Circuit Court of Appeals for "second or successive" review, the Court **DISMISSES** the petition. **ECF No. 1**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**